UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THERESA DIRUZZO,<br>Petitioner,<br><br>v.<br><br>FIDELITY BROKERAGE SERVICES LLC,<br>Respondent. | No. 26-cv-364-JJM-AEM |

# ORDER

This matter is before the Court on a Petition to Vacate an Arbitration Award under the Federal Arbitration Act ("FAA") filed by Theresa DiRuzzo, an account holder at Fidelity Brokerage Services LLC ("Fidelity"). ECF No. 1. Fidelity cross-moves to confirm the Arbitration Award. ECF No. 58.

The parties submitted their dispute concerning Ms. DiRuzzo's Fidelity accounts to the Financial Industry Regulatory Authority ("FINRA") Dispute Resolution Services. Ms. DiRuzzo sought $101,000 in damages, as well as various regulatory and enforcement referrals. ECF No. 58-1 at 1. A three-arbitrator panel ("Panel") unanimously dismissed Ms. DiRuzzo's claims with prejudice pursuant to FINRA Rules 12212(c), 12511(b), and 12700(b). ECF No. 58-4 at 11.

FINRA Rule 12212(c) provides:

> The panel may dismiss a claim, defense or arbitration with prejudice as a sanction for material and intentional failure to comply with an order of the panel if prior warnings or sanctions have proven ineffective.

FINRA Rule 12511(b) provides:

> The panel may dismiss a claim, defense or proceeding with prejudice in accordance with Rule 12212(c) for intentional and material failure to comply with a discovery order of the panel if prior warnings or sanctions have proven ineffective.

FINRA Rule 12700 provides, in relevant part:

> (a) The panel must dismiss an arbitration or a claim at the joint request of the parties to that arbitration or claim. The dismissal will be with or without prejudice, depending on the request of the parties.
>
> (b) The panel may dismiss a claim or an arbitration: (1) Upon motion of a party under Rule 12206 or Rule 12504; or (2) On its own initiative under Rule 12212(c) or Rule 12601(c).

The Panel explained its decision to dismiss Ms. DiRuzzo's claims as follows:

> Claimant has failed to comply with three Discovery Orders, dated 10/14/25, and 12/18/25 (two orders), after being warned that intentional and material failure to comply after warning could result in dismissal with prejudice (Order dated 12/18/25). As a result, there has been no discovery of the Claimant, and the scheduled hearing of this expedited case could not be held. At the 3/4/26 PHC on Respondent's sanctions motion, Claimant would not agree to comply with the disclosure orders. Therefore, the claims asserted in Claimant's Amended Statement of Claim dated 4/2/25 (as further amended on 4/23/25) and all prior versions of that pleading are dismissed with prejudice. Rules 12212(c), 12511(b) and 12700(b).

ECF No. 58-4 at 11.

A "'district court's review of arbitral awards must be extremely narrow and exceedingly deferential.'" *Ebbe v. Concorde Inv. Servs., LLC*, 953 F.3d 172, 176 (1st Cir. 2020) (quoting *UMass Mem'l Med. Ctr., Inc. v. United Food & Com. Workers Union*, 527 F.3d 1, 5 (1st Cir. 2008)). Even where "a reviewing court is convinced that the arbitrators committed error—even serious error—[that] does not justify setting aside the arbitral decision." *Cytyc Corp. v. DEKA Prods. Ltd. P'ship*, 439 F.3d 27, 32

(1st Cir. 2006) (citing *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987)).

The FAA provides limited grounds for vacating an arbitration award. *See* 9 U.S.C. § 10(a). Those grounds include "specified misconduct or misbehavior on the arbitrators' part" and actions in excess of the arbitrators' powers. *Advest, Inc. v. McCarthy*, 914 F.2d 6, 8 (1st Cir. 1990). In particular, Section 10(a)(3) permits a federal court to vacate an arbitration award "where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced." 9 U.S.C. § 10(a)(3). Section 10(a)(4) permits vacatur "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." *Id.* § 10(a)(4).

The question before the Court, therefore, is whether the Panel committed misconduct or misbehavior within the meaning of Section 10(a)(3), or exceeded its powers within the meaning of Section 10(a)(4), in dismissing Ms. DiRuzzo's claims with prejudice.

It did not.

Ms. DiRuzzo has failed to establish any permissible basis for vacating the Panel's dismissal of her claims. The sole basis for the Panel's decision was Ms. DiRuzzo's repeated failure to comply with the Panel's discovery orders. The record shows that the Panel repeatedly warned Ms. DiRuzzo that her failure to comply with

its orders could result in dismissal of her claims with prejudice. Despite those warnings, Ms. DiRuzzo failed to comply with three orders. The Panel found that, as a result, no discovery had been conducted, and the scheduled hearing could not proceed.

Ms. DiRuzzo has identified no legal or factual basis that would permit this Court to second-guess the Panel's enforcement of its discovery orders. Nor has she demonstrated that the Panel acted outside the scope of its authority. To the contrary, the FINRA Rules expressly authorize a panel to dismiss claims with prejudice for intentional and material failures to comply with discovery orders when prior warnings or sanctions have proven ineffective. *See* FINRA Rules 12212(c), 12511(b), 12700(b).

On this record, the Panel's dismissal of Ms. DiRuzzo's claims does not constitute misconduct or misbehavior within the meaning of Section 10(a)(3), nor did the Panel exceed its powers within the meaning of Section 10(a)(4). Accordingly, there is no basis for this Court to disturb the Arbitration Award.

The Court therefore DENIES Theresa DiRuzzo's Petition to Vacate the Arbitration Award (ECF No. 1) and GRANTS Fidelity's Cross-Motion to Confirm the Arbitration Award (ECF No. 59). The Petition is DISMISSED WITH PREJUDICE.[1] Judgment shall enter for the Respondent.

---

[1] Ms. DiRuzzo has filed many motions (some of which are incomprehensible), but because of the Court's decision above, the Court DENIES as moot all other filed motions.

IT IS SO ORDERED.

***/s/ John J. McConnell, Jr.***

_______________________________
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

August 24, 2026